UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE A. JOHNSON,

    Plaintiff,

v.

PETER E. SICES, *et al.*,

    Defendants.

Case No. 18-cv-11680
Hon. Matthew F. Leitman

_____/

**<u>ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE (ECF #14) AND (2) DIRECTING CLERK OF COURT TO TRANSFER ACTION TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN</u>**

This is a *pro se* prisoner civil rights action brought under 42 U.S.C. § 1983. Plaintiff Dwayne Anthony Johnson alleges that the Defendants – current and/or former employees of the Michigan Department of Corrections (the "MDOC") or Corizon Medical Services – were deliberately indifferent to his serious medical needs while he was incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. (*See* Compl., ECF #1.) Johnson claims that he suffers from a serious back injury that requires him to be placed in a lower bunk on the ground floor and that prevents him from climbing more than three steps. (*See id.*) He alleges that when he arrived at the Brooks facility, the medical staff accommodated his medical needs by restricting his placement to a bottom bunk on

1

the ground floor and requiring him to climb no more than three steps. (*See id.* Pg. ID 17.) He says that the Defendants, among other things, thereafter deliberately (1) discontinued these accommodations even though Defendants knew that he needed them and (2) otherwise failed to provide appropriate care for his back pain.

Defendants Peter Sices, M.D., and Barbara Hoover, P.A., have now filed a Motion to Dismiss the Complaint or, in the Alternative, to Transfer Venue. (See Mot. ECF #14.) For the reasons stated below, the motion is **DENIED** to the extent that it seeks dismissal of the Complaint and **GRANTED** to the extent that it seeks transfer of this action to the United States District Court for the Western District of Michigan.

Sices and Hoover argue that a transfer of venue is appropriate under 28 U.S.C. § 1404(a) ("Section 1404(a)"). Section 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The governing legal standards for a motion under Section 1404(a) are well established:

> The burden is on the moving party to establish the need for a change of forum. *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215 (2d Cir. 1978), *overruled on other grounds by Pirone v. MacMillan, Inc.,* 894 F.2d 579 (2d Cir. 1990). "Unless the balance is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

***

Courts have broad discretion to transfer an action pursuant to section 1404 to avoid unnecessary delay and to protect parties, witnesses, and the public from undue expenses and inconvenience. *See generally Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). The Supreme Court instructs that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen,* 376 U.S. at 622, 84 S.Ct. 805). Courts consider the following factors when ruling on a motion to transfer under § 1404(a):

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining unwilling witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Grand Kensington, LLC v. Burger King Corp.,* 81 F.Supp.2d 834, 836 (E.D.Mich. 2000); *Helder v. Hitachi Power Tools, USA Ltd.,* 764 F.Supp. 93, 96 (E.D. Mich. 1991). *Accord, Moses v. Bus. Card Express, Inc.,* 929 F.2d 1131, 1137 (6th Cir. 1991) (holding that a "court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.' ") (quoting *Stewart Organization, Inc.,* 487 U.S. at 30, 108 S.Ct. 2239). Additionally, the Court may consider the

3

> forum's familiarity with the governing law. *See Grand Kensington,* 81 F.Supp.2d at 836 (citing *Gulf Oil,* 330 U.S. at 508–09, 67 S.Ct. 839). Generally, a plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing. *See Grand Kensington,* 81 F.Supp.2d at 836 (citing *Gen. Motors Corp. v. Ignacio Lopez de Arriortua,* 948 F.Supp. 656, 668 (E.D. Mich. 1996)). A transfer is not appropriate if the result is simply to shift the inconvenience from one party to another. *See Evans Tempcon, Inc. v. Index Indus., Inc.,* 778 F.Supp. 371, 377 (W.D. Mich. 1990).

*Sullivan v. Tribley*, 602 F.Supp.2d 795, 799–800 (E.D. Mich. 2009).

Before applying the seven factors identified above, the Court notes that all of the relevant conduct in this case occurred in the Western District of Michigan – where the Brooks facility is located. That fact weighs in favor of transfer. Indeed, in prisoner civil rights cases, the most convenient venue is often the one in which the alleged misconduct occurred. *See, e.g., Jones v. Tudor*, 2008 WL 544592 (E.D. Mich. Feb. 27, 2008) (transferring to the Western District of Michigan a prisoner civil rights action filed by a prisoner housed in the Eastern District of Michigan where all of the alleged misconduct occurred in the Western District); *Mitchell-Bey v. Barbier*, 2008 WL 345508 (E.D. Mich. Feb. 6, 2008) (same); Pierce v. Coughlin, 806 F.Supp 426 (S.D.N.Y. 1992) (holding that the "primary factor" justifying transfer of venue in prisoner civil rights action was that the "operative facts all occurred" in the transferee district).

Here, the proper balance of the seven factors identified above weighs in favor of transferring venue. First, it would be easier on the parties to litigate in the Western District of Michigan. All of the Defendants reside in that district. And while Johnson currently resides in this district, he is in the custody of the MDOC, and thus the MDOC will be responsible for transporting him to and from necessary court appearances. It cannot be said that Johnson, personally, would suffer a meaningful inconvenience by having to litigate in the Western District.

Second, the convenience of the witnesses favors litigating in the Western District. Johnson has identified five prisoner-witnesses he wishes to call at trial, and four of them are currently housed in the Western District. (*See* Resp., ECF #16 at Pg. ID 159-60.) Likewise, one of Johnson's medical witnesses works in the Western District of Michigan. (*See id.* at Pg. ID 161 – identifying medical professional who works in Ionia, Michigan). And while Defendants have not provided the Court with a specific list of witnesses that they intend to call, they have expressed a general intention to call medical personnel who work or worked at the Brooks facility in the Western District. (*See* Mot., ECF #14 at Pg. ID 143.) Thus, it is reasonable to conclude that the Western District will be more convenient for many of the defense witnesses. *See Sullivan,* 602 F.Supp.2d at 800-01 (transferring prisoner civil rights case to the Western District of Michigan where, even though defendants were not "particularly effusive in their description of the likely proofs at trial," they provided

5

sufficient general information to enable the court to conclude that many of their witnesses would find the Western District more convenient).

Third, the access to proof factor is neutral. Neither side has suggested that access to proof depends upon the district in which this action proceeds.

Fourth, the Western District has the authority to compel the attendance of most of the witnesses because of their ties to that district. This Court may not be able to compel the attendance of certain potentially important witnesses who reside in the Western District. Thus, the availability of process factor weighs in favor of transfer.

Fifth, the cost of obtaining unwilling witnesses factor is neutral.

Sixth, it would be more efficient and inexpensive to try this case in the Western District where most of the witnesses reside and/or work. If the case is tried here, the parties face the prospect of having to present potentially substantial amounts of testimony by way of trial depositions; in the Western District, more witnesses would be expected to testify live. Live testimony is more efficient than presenting trial depositions.

Seventh, it would be in the interest of justice for this case to be tried in the Western District – where all of the relevant events occurred and where the trial can proceed expeditiously and efficiently.

Taken together, all of the above-described factors weigh in favor of transfer to the Western District.  And the factors in favor of transfer outweigh any interest Johnson may have had in selecting this forum.  As this Court has explained, a plaintiff's choice of forum may be entitled to less weight where, as here, none of the operative facts occurred in the forum. *Mitchell-Bey*, 2008 WL 345508, at * 1 (citing *Boyd v. Snyder*, 44 F.Supp.2d 966, 971 (N.D. Ill. 1999)).

Simply put, this case belongs in this Western District of Michigan. Accordingly, the Court **GRANTS** the Motion to Dismiss the Complaint or, in the Alternative, to Transfer Venue (ECF #14) to the extent that it seeks a transfer to the Western District of Michigan and **DIRECTS** the Clerk of the Court to transfer this action to the Western District.  The Court **DENIES** the motion to the extent that it seeks dismissal of the Complaint because transferring this action is the most appropriate and efficient course of action. *See* 28 U.S.C. §1406(a) (authorizing district court to transfer, rather than dismiss, action filed in the wrong judicial district where transfer is in the interest of justice).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 11, 2019

7

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 11, 2019, by electronic means and/or ordinary mail.

                                        s/Holly A. Monda
                                        Case Manager
                                        (810) 341-9764